IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RAYMOND E. ARNOLD, JR.** and **SANDRA L. ARNOLD,** : : : **Plaintiffs** : : v. : : **RED LION BOROUGH**, et al., : : **Defendants** : | **CIVIL ACTION NO. 1:06-CV-1617** **(Judge Conner)** |

# **ORDER**

AND NOW, this 11th day of April, 2008, upon consideration of defendants' motions (Docs. 38, 39) for attorney's fees pursuant to 42 U.S.C. § 1988 (stating that "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee"), and it appearing that a prevailing defendant is to be awarded attorney's fees only "upon a finding that the plaintiff's action was frivolous, unreasonable or without foundation," Barnes Found. v. Twp. of Lower Merion, 242 F.3d 151, 157-58 (3d Cir. 2001) (quoting Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n, 434 U.S. 412, 421 (1978)), that attorney's fees for prevailing defendants "are not routine, but are to be only sparingly awarded," Equal Employment Opportunity Comm'n v. L.B. Foster Co., 123 F.3d 746, 751 (3d Cir. 1997) (quoting Quiroga v. Hasbro, Inc., 934 F.2d 497, 503 (3d Cir. 1991)), that "[d]eterminations regarding frivolity are to be made on a case-by-case basis," Id., and that "[t]he standard for finding frivolity or a lack of foundation . . . must require something beyond that which is required for granting either a motion to dismiss or a motion for summary judgment," Solomen v. Redwood Advisory Co.,

223 F. Supp. 2d 681, 684 (E.D. Pa. 2002), and the court finding that it possesses jurisdiction to adjudicate defendants' motions for attorneys fees,[1] and that defendants are the prevailing parties in the above-captioned action for purposes of § 1988, but that the action was based upon a sufficiently real threat of injury to plaintiffs, see Barnes Found., 242 F.3d at 158, and that plaintiffs asserted the action not for the purpose of harassing defendants, see Solomen, 223 F. Supp. 2d at 684, 686-87, but for the purpose of recovering an amount of pension benefits to which plaintiff Raymond Arnold is likely entitled (see Doc. 37 at 2, 5-6), it is hereby ORDERED that the motions for attorney's fees (Docs. 38, 39) are DENIED.

          S/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge

---

[1] Plaintiffs aver that the court's dismissal of the above-captioned action for lack of subject matter jurisdiction strips the court of jurisdiction to award attorney's fees because "section 1988 does not by its terms confer subject matter jurisdiction . . . but rather relies upon the provisions of other federal statues . . . to confer subject matter jurisdiction." Keene Corp. v. Cass, 908 F.2d 293, 298 (8th Cir. 1990); see also Branson v. Nott, 62 F.3d 287, 293 (9th Cir. 1995). The court, however, is persuaded by the reasoning of its sister court in the Eastern District of Pennsylvania, which held that the issue of entitlement to attorney's fees was collateral to the merits and could be determined even after a dismissal for lack of subject matter jurisdiction. See United States *ex rel.* Atkinson v. Pa. Shipbuilding Co., 528 F. Supp. 2d 533, 539-41 (E.D. Pa. 2007) (citing Willy v. Coastal Corp., 503 U.S. 131, 136-38 (1991) (finding that the issue of "whether [an] attorney has abused the judicial process" was "collateral to the merits" and could be adjudicated even after a dismissal for lack of subject matter jurisdiction)); see also United States *ex rel.* Grynberg v. Praxair, Inc., 389 F.3d 1038, 1056-58 (10th Cir. 2004); Citizens for a Better Env't v. Steel Co., 230 F.3d 923, 926-28 (7th Cir. 2000).